## 31496. MARTIN et al. v. CLARK et al.

NICHOLS, Chief Justice.

Marcus and Linda Clark filed a suit in ejectment against Charles and Gloria Martin praying for a writ of possession. The Martins answered, alleging the deed was obtained by fraud at a time when Martin was so intoxicated as to deprive him of his reason. The Clarks are the daughter and son-in-law of the Martins. Martin was an admitted alcoholic and over a period of time had reached the point of bankruptcy. The son-in-law made him a $1,000 loan to keep him from losing his home; later Martin went to the bank and made a $1,000 loan with the son-in-law as the co-maker. Martin repaid Clark $600 from the proceeds of that loan. Martin defaulted on the bank loan and the son-in-law paid it off. The title to the property was in Martin's name. He executed a deed to the property in question to the Clarks in consideration of the debts owed them subject to an outstanding security deed. Martin and his wife continued to live in the house and requested the house be deeded back to him. Clark refused unless appellant repaid the amount due him. The parties were unable to reach an agreement and this action was filed. The trial court directed a verdict for the Clarks on the title issue but refused to award damages for rental value.

1. Enumerations of error 1 and 2 contend the trial court erred in excluding testimony of two witnesses as to Martin's condition at the time he was admitted to the Georgia Regional Hospital in Savannah for treatment of alcoholism. These events occurred several weeks prior to the execution of the deed. The trial court correctly ruled that this testimony was clearly immaterial to show Martin's condition at the time the deed was executed. There is no merit in these enumerations of error.

2. Enumerations of error 3, 4 and 5 contend the trial court erred in directing a verdict for the Clarks, entering judgment for the writ of possession and overruling appellants' motion for new trial. The evidence showed without dispute that the deed was voluntarily executed in the office of Martin's attorney, recorded by his attorney and then mailed to the Clarks. The appellees were not

present when the deed was executed and such deed was not without consideration. The trial court did not err in directing a verdict for the appellees or in overruling the appellants' motion for new trial.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 3, 1976. — DECIDED SEPTEMBER 29, 1976.

*Albert E. Butler,* for appellants.
*Richard D. Phillips,* for appellees.